UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MARC LEWIS,

                     Plaintiff,                9:12-cv-31
                                                        (GLS/DEP)
         v.

HAVERNACK et al.,

                     Defendants.
_____

APPEARANCES:                    OF COUNSEL:

**FOR THE PLAINTIFF:**
Marc Lewis
Pro Se
95-A-2837
Orleans Correctional Facility
3531 Gaines Basin Road
Albion, NY 14411

**FOR THE DEFENDANT:**
HON. ERIC T. SCHNEIDERMAN    GREGORY J. RODRIGUEZ
New York State Attorney General    Assistant Attorney General
The Capitol
Albany, NY 12224

**Gary L. Sharpe**
**Chief Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Plaintiff *pro se* Marc Lewis commenced this action against

defendants Frank Havernack, Kevin Sheridan, Jeffrey Chapman, Andrew Johnson, and Michael Imfeld, alleging excessive force and deliberate indifference to his serious medical needs in violation of the Eighth Amendment, as well as conspiracy, harassment, and improper imposition of false misbehavior reports. (*See* Compl., Dkt. No. 1; Dkt. No. 30 at 1.) Defendants moved to dismiss Lewis' claims pursuant to Fed. R. Civ. P. 12(b)(6). (*See* Dkt. No. 30.) In response, Lewis opposed defendants' motion and sought leave to amend his Complaint. (*See* Dkt. Nos. 42, 46.)

In a Report-Recommendation and Order (R&R) dated January 23, 2013, Magistrate Judge David E. Peebles recommended that defendants' motion be denied to the extent that it seeks dismissal of Lewis' claims for failure to exhaust administrative remedies, but granted in all other respects.[1] (*See* Dkt. No. 51.) Judge Peebles recommended further that Lewis' motion to amend be denied, but that he be permitted limited leave to amend his Complaint as to his deliberate indifference claim. (*See id.* at 39.) Defendants filed an objection to the R&R on January 31, 2013, and, while he provided no objections of his own, Lewis responded on February

---

[1] The Clerk is directed to append the R&R to this decision, and familiarity therewith is presumed.

2

22, 2013. (*See* Dkt. Nos. 52, 55.) For the reasons that follow, the R&R is adopted in its entirety.

## II. Standard of Review

Before entering final judgment, this court routinely reviews all report and recommendation orders in cases it has referred to a magistrate judge. If a party has objected to specific elements of the magistrate judge's findings and recommendations, this court reviews those findings and recommendations *de novo*. *See Almonte v. N.Y. State Div. of Parole*, No. 04-cv-484, 2006 WL 149049, at *6-7 (N.D.N.Y. Jan. 18, 2006). In those cases where no party has filed an objection, or only a vague or general objection has been filed, this court reviews the findings and recommendations of the magistrate judge for clear error.[2] *See id.*

To defeat a motion to dismiss, the plaintiff must state a claim which is "plausible on its face." *Ellis v. Cohen & Slamowitz, LLP*, 701 F. Supp. 2d 215, 218 (N.D.N.Y. 2010) (internal quotation marks and citation omitted). Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

---

[2] "[A] report is clearly erroneous if the court determines that there is a mistake of fact or law which is obvious and affects substantial rights." *Almonte*, 2006 WL 149049, at *6.

3

liable for the misconduct alleged." *Id.* (internal quotation marks and citation omitted). A court considering a motion to dismiss "must accept the facts alleged in the complaint as true and construe all reasonable inferences in [the plaintiff's] favor." *Id.* (internal quotation marks and citation omitted). Furthermore, the allegations of a *pro se* litigant must be construed liberally. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006).

### III. Discussion

### A. Failure to Exhaust Administrative Remedies

Defendants seek dismissal of Lewis' Complaint in its entirety on the ground that he failed to comply with the Prison Litigation Reform Act (PLRA) prior to commencement of the present action. (*See* Dkt. No. 30, Attach. 1 at 3-6.) Finding it unclear whether Lewis "may be excused from properly exhausting his administrative remedies," Judge Peebles recommended that, on the issue of exhaustion, defendants' motion be denied with leave to renew upon a more fully developed record. (R&R at 9-14.) As defendants object solely to that recommendation, (*see* Dkt. No. 52), Judge Peebles' findings and recommendation on the issue of administrative exhaustion are reviewed *de novo*, while the remainder of the

4

R&R is reviewed for clear error, *see Almonte,* 2006 WL 149049, at *6-7.

Under the PLRA, a prisoner may not bring a section 1983 claim relating to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion must occur before the plaintiff's lawsuit is filed. *Neal v. Goord*, 267 F.3d 116, 122 (2d Cir. 2001) ("Subsequent exhaustion after suit is filed therefore is insufficient."), *abrogated in part on other grounds by Porter*, 534 U.S. at 516.

The Second Circuit has articulated three scenarios in which a prisoner's failure to exhaust his administrative remedies may not require dismissal: where (1) administrative remedies were not in fact "available" to the prisoner; (2) defendants failed to raise or preserve the affirmative defense of non-exhaustion or their actions prevented the prisoner from exhausting his administrative remedies; or (3) the prisoner has plausibly alleged "special circumstances"—such as reasonable confusion as to a regulation—which resulted in his failure to comply with administrative

5

requirements. *Hemphill v. New York*, 380 F.3d 680, 686 (2d Cir. 2004); *Newman v. Duncan*, No. 04-CV-395, 2007 WL 2847304, at *2-3 (N.D.N.Y. Sept. 26, 2007).

Although Lewis stated in his Complaint that he "filed a grievance at Mt. Mc[G]regor and Greene Correctional facilities and filed numerous Complaints," (Compl. at 2), he subsequently admitted that he did not grieve the February 20, 2009 incidents in question pursuant to New York's well-established three-step Inmate Grievance Program (IGP), (*see* Dkt. No. 42 at 9-10; Dkt. No. 55 at 1); N.Y. Comp. Codes R. & Regs. tit. 7, § 701.5 (2011).[3] Instead, Lewis argues that, by raising his present claims in the form of defenses during "Superintendent" hearings pertaining to the February 20 incidents, and by appealing the findings of guilt reached in those hearings to the "Deputy Commissioner and Director of Special housing/inmate disciplinary [p]rogram," he exhausted his administrative remedies. (Dkt. No. 42 at 9-10; Dkt. No. 55.) In support of this assertion, Lewis contends that Department of Corrections and Community Supervision (DOCCS) directives 4040 and 4932, as well as N.Y. Comp.

---

[3] Because Lewis admits that he failed to grieve the incidents in question, the court need not address whether it may consider the declaration of Jeffrey Hale, (*see* Dkt. No. 30, Attach. 3), nor the propriety of converting defendants' underlying motion to one for summary judgment, (*see* R&R at 12-13).

6

Codes R. & Regs. tit. 7, §§ 254.8 and 701.3(e)(1), compelled compliance with DOCCS' separate administrative appeal process and precluded him from grieving his claims. (*See* Dkt. No. 42 at 9-10; Dkt. No. 55.) As Lewis clearly did not file a grievance relating to his underlying claims, and there is no suggestion that the IGP was unavailable to him, or that defendants prevented him from filing a grievance, the proper inquiry is whether Lewis has plausibly alleged "special circumstances" which "justify [his] failure to comply with administrative procedural requirements." *Hemphill*, 370 F.3d at 686 (internal quotation marks and citation omitted).

In order to satisfy the "special circumstances" exception to the administrative exhaustion requirement, the inmate must: (1) "reasonably believe[] that his only available remedy was to raise his claim as part of a tier disciplinary hearing," and (2) "articulate[] and pursue[] his claim in the disciplinary proceeding in a manner that afford[s] prison officials the time and opportunity to thoroughly investigate that claim." *Murray v. Palmer*, No. 9:03-CV-1010, 2010 WL 1235591, at *3 (N.D.N.Y. Mar. 31, 2010) (citing *Giano v. Goord*, 380 F.3d 670, 678-79 (2d Cir. 2004) and *Johnson v.*

*Testman*, 380 F.3d 691, 697 (2d Cir. 2004)).[4]

Although Lewis' purported belief that DOCCS directives and regulations precluded him from utilizing the IGP is undoubtedly flawed, a similarly incorrect reading of those regulations was previously found by the Second Circuit to be "reasonable" and "understandabl[e]" for purposes of excusing exhaustion. *Giano*, 380 F.3d at 678-79. While defendants argue that Lewis' claims of confusion are undermined by his admitted knowledge of the IGP, (*see* Dkt. No. 42 at 5-10; Dkt. No. 52 at 2), accepting the facts alleged as true, and construing all reasonable inferences in Lewis' favor, as the court must, *see Ellis*, 701 F. Supp. 2d at 218, his apparent misinterpretation is sufficient, at this stage, to satisfy the first prong of the "special circumstances" inquiry. Additionally, by alleging that he argued "the issues presented in this action . . . at his multiple hearing proceedings," Lewis has alleged facts which plausibly satisfy the inquiry's second prong.

---

[4] Following the Supreme Court's holding in *Woodford v. NGO*, 548 U.S. 81, 93 (2006), that "the PLRA exhaustion requirement requires proper exhaustion," the Second Circuit found that "notice alone is insufficient." *Macias v. Zenk*, 495 F.3d 37, 44 (2d Cir. 2007) (holding that, "to the extent that *Braham* [*v. Clancy*, 425 F.3d 177, 183 (2d Cir. 2005)] allowed for less than 'proper exhaustion' of claims under the PLRA, [it] has been overruled"). The Circuit specifically declined, however, to "decide what effect *Woodford* has on *Hemphill*'s holding that where administrative procedures are confusing 'a reasonable interpretation of prison grievance regulations may justify an inmate's failure to follow procedural rules to the letter.'" *Macias*, 495 F.3d at 43 n.1 (quoting *Hemphill*, 380 F.3d at 690). As such, the court continues to apply the two-part "special circumstances" inquiry delineated in the *Giano-Johnson* line of cases. *See Murray*, 2010 WL 1235591, at *3 n.7.

(Dkt. No. 42 at 10.) The court therefore adopts Judge Peebles' finding that, at this juncture, Lewis' allegations are sufficient to defeat defendants' motion to dismiss on the issue of exhaustion. (*See* R&R at 14.) As noted by Judge Peebles, however, defendants are not precluded from reasserting their exhaustion defense "at a point when it can be analyzed based upon a more fully developed record." (*Id.*)

## B. <u>Leave to Amend</u>

In addition to defendants' motion to dismiss, Judge Peebles' R&R assessed Lewis' motion for leave to file an Amended Complaint. (*See* R&R at 33-38; Dkt. No. 46.) Despite finding that to permit Lewis to file his proposed Amended Complaint would be futile, Judge Peebles recommended that Lewis be granted limited leave to file an Amended Complaint *only* as to his claim of deliberate indifference to serious medical needs. (*See* R&R at 37-38.) Following the issuance of Judge Peebles' R&R, Lewis filed a letter motion requesting a sixty (60) day extension within which to file his Amended Complaint. (*See* Dkt. No. 53.) The court adopts Judge Peebles' recommendation regarding amendment, and grants Lewis' motion for an extension of time within which to file his amended pleading. Accordingly, Lewis may, if he so chooses, file an Amended Complaint *only*

9

as to his Eighth Amendment deliberate indifference claim—in accordance with the requirements of, *inter alia*, Fed. R. Civ. P. 8(a) and N.D.N.Y. L.R. 7.1(a)(4)—within **sixty (60) days** of the date on which this Order is issued.

C. **Remaining Findings and Recommendations**

The remainder of Judge Peebles' R&R is devoid of clear error, and is therefore adopted in its entirety.

## IV. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Magistrate Judge Peebles' January 23, 2013 Report-Recommendation (Dkt. No. 51) is **ADOPTED** in its entirety; and it is further

**ORDERED** that defendants' motion to dismiss (Dkt. No. 30) is **DENIED** to the extent that it seeks dismissal of Lewis' claims for failure to exhaust his administrative remedies; and it is further

**ORDERED** that defendants' motion to dismiss (Dkt. No. 30) is **GRANTED** in all other respects; and it is further

**ORDERED** that Lewis' claims are **DISMISSED** with the exception of his excessive force claim against Lieutenant Sheridan; and it is further

**ORDERED** that defendants Frank Havernack, Jeffrey Chapman,

Andrew Johnson, and Michael Imfeld are **TERMINATED** as parties to this action; and it is further

**ORDERED** that Lewis' motion for leave to amend his Complaint (Dkt. No. 46) is **DENIED**; and it is further

**ORDERED** that Lewis may, if he so chooses, file an Amended Complaint *only* as to his Eighth Amendment deliberate indifference claim—in accordance with the requirements of, *inter alia*, Fed. R. Civ. P. 8(a) and N.D.N.Y. L.R. 7.1(a)(4)—within **sixty (60) days** of the date on which this Order is issued; and it is further

**ORDERED** that Lewis' motion for an extension of time within which to file his Amended Complaint (Dkt. No. 53) is **GRANTED**; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

March 28, 2013
Albany, New York

*Gary L. Sharpe*
Chief Judge
U.S. District Court

11