**MARC LEWIS,**

                **Plaintiff,**            **9:12-cv-31
(GLS/DEP)**

        **v.**

**KEVIN SHERIDAN,**

                **Defendant.**
_____

**APPEARANCES:**                  **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Marc Lewis
Pro Se
95-A-2837
Gowanda Correctional Facility
P.O. Box 311
Gowanda, NY 14070

**FOR THE DEFENDANT:**
HON. ERIC T. SCHNEIDERMAN     GREGORY J. RODRIGUEZ
New York State Attorney General     Assistant Attorney General
The Capitol
Albany, NY 12224

**Gary L. Sharpe
Chief Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Plaintiff *pro se* Marc Lewis commenced this action against defendant

Kevin Sheridan pursuant to 42 U.S.C. § 1983, alleging violations of his Eighth Amendment rights. (Am. Compl., Dkt. No. 62.) Sheridan filed a motion to dismiss, seeking dismissal of Lewis' Eighth Amendment medical indifference claim.[1] (Dkt. No. 63.)

In a Report-Recommendation and Order (R&R) dated October 3, 2013, Magistrate Judge David E. Peebles recommended that Sheridan's motion be granted. (Dkt. No. 70.) Lewis filed timely objections to the R&R. (Dkt. No. 71.) Later, on December 3, 2013, counsel for Sheridan filed a suggestion of death, stating that Sheridan—the only remaining defendant—passed away on November 8, 2013. (Dkt. No. 72.) On January 13, 2014, Lewis filed a motion to substitute pursuant to Fed. R. Civ. P. 25. (Dkt. No. 73.)

Pending before the court are Lewis' objections to the R&R, (Dkt. No. 71), and his motion to substitute, (Dkt. No. 73). For the reasons that follow, the R&R is adopted in its entirety, Lewis' motion to substitute is

---

[1] Lewis' Eighth Amendment claims include a medical indifference claim and an excessive force claim. (Am. Compl. at 5; Dkt. No. 70 at 2, 8 n.3.) Sheridan moved to dismiss only Lewis' medical indifference claim. (Dkt. No. 63, Attach. 1.) Accordingly, neither Judge Peebles nor this court has considered Lewis' excessive force claim, which therefore remains intact. (Dkt. No. 70 at 2, 8 n.3.)

2

construed as a motion seeking an extension of time under Rule 6(b), and that motion is granted.

## II. **Background**

### A. **Facts**

Lewis is a New York State inmate currently held in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"). (*See generally* Am. Compl.) Lewis alleges that, on February 20, 2009 at the Mt. McGregor Correctional Facility, between 8:43 and 9:20 A.M., Sheridan, a corrections lieutenant, "punched [Lewis] from behind in his face, causing [Lewis] to be knocked out of his chair and un-conscious, injuring him to both the right and left side of his face." (*Id.* at 1, 5.) Lewis further alleges that, despite having "at least twenty[-]five (25) minutes to contact medical personnel" and unlimited resources, Sheridan failed to seek medical attention for Lewis, resulting in additional pain and suffering. (*Id.* at 5.)

Ultimately, Lewis visited the hospital and was given a head scan. (*Id.*) The medical records that Lewis appended to his amended complaint indicate that, at 11:00 A.M., 1:45 P.M., and 5:00 P.M., on February 20,

3

2009, Lewis had slight to moderate swelling on the right and left side of his face, but "no acute medical problems" or "other injuries or trauma," and his oral cavity was intact. (Dkt. No. 62 at 9-13.) The medical records also showed that Lewis had "clear vision" and indicated that he "refus[ed] ice" for the swelling. (*Id.* at 10.) Additional medical records dated February 23, 2009 indicate that there was no trauma noted, the swelling decreased, and there were no visual changes. (*Id.*)

### III. <u>Standard of Review</u>

Before entering final judgment, this court routinely reviews all report and recommendation orders in cases it has referred to a magistrate judge. If a party has objected to specific elements of the magistrate judge's findings and recommendations, this court reviews those findings and recommendations *de novo*. *See Almonte v. N.Y. State Div. of Parole*, No. Civ. 904CV484GLS, 2006 WL 149049, at *3, *5 (N.D.N.Y. Jan. 18, 2006). In those cases where no party has filed an objection, only vague or general objections are filed, or a party resubmits the same papers and arguments already considered by the magistrate judge, this court reviews the findings

4

and recommendations of the magistrate judge for clear error.[2] *See id.* at *4-5.

## IV. Discussion

### A. Lewis' Objections to the R&R

Lewis filed both general and specific objections to the R&R, which are considered below. (Dkt. No. 71.)

*1.  Specific Objections*

Lewis specifically objects to the portion of the R&R in which Judge Peebles stated that Sheridan waited twenty-five minutes to contact medical personnel; Lewis claims that Sheridan did not contact medical personnel at all, (Dkt. No. 71 ¶¶ 1-3, 9), although he does concede, and his medical documents show, that he nevertheless received medical attention on the same day that Sheridan struck him, (Am. Compl. at 5; Dkt. No. 62 at 9-12). The court reviews this objection *de novo*.

---

[2] "[A] report is clearly erroneous if the court determines that there is a mistake of fact or law which is obvious and affects substantial rights." *Almonte*, 2006 WL 149049, at *6.

5

"[A] delay in treatment does not violate the constitution unless it involves an act or failure to act that evinces a conscious disregard of a substantial risk of serious harm." *Thomas v. Nassau Cnty. Corr. Ctr.*, 288 F. Supp. 2d 333, 339 (E.D.N.Y. Oct. 28, 2003) (internal quotation marks and citation omitted). Further, a prisoner must show that, as a result of the delay, "his condition became worse or deteriorated." *Johnson v. Enu*, No. 08-CV-158, 2011 WL 3439179, at *10 (N.D.N.Y. July 13, 2011).

Here, even accepting Lewis' argument that he waited a few hours for medical treatment, (Dkt. No. 71 ¶ 5), rather than, as Judge Peebles noted, twenty-five minutes, (Dkt. No. 70 at 12), Lewis was not denied medical treatment; medical treatment was simply delayed. Accordingly, Lewis' medical indifference claim is properly analyzed as a delay in treatment, rather than a total deprivation of treatment.[3] This type of delay is not

---

[3] In any event, even if the court were to view Lewis' claim against Sheridan as a total deprivation of treatment, his claim would still fail. An Eighth Amendment claim must satisfy both an objective and subjective test. *See Wright v. Goord*, 554 F.3d 255, 268 (2d Cir. 2009). As part of the objective inquiry, if a plaintiff alleges a complete failure to provide treatment, the court must look to the seriousness of the inmate's medical condition. *See Smith v. Carpenter*, 316 F.3d 178, 185-86 (2d Cir. 2003). "Factors relevant to the seriousness of a medical condition include whether a reasonable doctor or patient would find [it] important and worthy of comment, whether the condition significantly affects an individual's daily activities, and whether it causes chronic and substantial pain."

enough to trigger a deliberate indifference claim. *See Herbert v. N.Y.C. Dep't of Corrs.*, No. 10 CV 8799, 2012 WL 3834660, at *4 (S.D.N.Y. Aug. 21, 2012) (finding that the plaintiff's complaint failed to state a claim for deliberate indifference where the plaintiff "concede[d] . . . that he ultimately did receive medical treatment on the same days that he alerted [defendants] to his condition"); *Sonds v. St. Barnabas Hosp. Corr. Health Servs.*, 151 F. Supp. 2d 303, 312 (S.D.N.Y. 2001) (finding that the plaintiff's complaint failed to state a claim for deliberate indifference where the plaintiff suffered an injury to his finger and waited for three and a half hours for treatment).

Additionally, aside from claiming that he "was subject[ed] to additional pain and suffering, requiring a visit to the hospital for a head scan," (Am. Compl. at 5), Lewis has alleged no facts to show that his condition deteriorated as a result of the delay in treatment. In his objections to the R&R, Lewis claims, for the first time, that he suffered from

---

*Salahuddin v. Goord*, 467 F.3d 263, 280 (2d Cir. 2006) (internal quotation marks and citation omitted). Here, the medical records that Lewis appended to his complaint demonstrate that he had "no acute medical problems," only slight to moderate swelling—for which he refused ice—and that he had clear vision. (Dkt. No. 62 at 9-12.) These medical records belie any claim that his medical condition was sufficiently serious to give rise to an Eighth Amendment violation.

7

dizziness and blurred vision, resulting in him having to wear glasses for the first time in his life. (Dkt. No. 71 ¶ 2.) Generally, however, "courts do not consider such 'new arguments' or new evidence 'raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not,'" and this court declines to do so here. *Chalasani v. Daines*, No. 10-CV-1978, 2011 WL 4465408, at *1 n.3 (E.D.N.Y. Sept. 26, 2011) (quoting *Illis v. Artus*, No. 06-CV-3077, 2009 WL 2730870, at *1 (E.D.N.Y. Aug. 28, 2009)). Accordingly, Lewis' Eighth Amendment medical indifference claim fails for substantially the reasons stated in the R&R.

   *2. General Objections*

Lewis also objects to the portion of the R&R in which Judge Peebles determined that Sheridan did not act with malice, (Dkt. No. 71 ¶¶ 4, 7), and to the portion of the R&R in which Judge Peebles "erroneously" read and considered Lewis' medical records, (*id.* ¶¶ 5-6, 8). These "objections," however, simply restate a portion of Lewis' amended complaint and re-hash arguments already submitted to the court, which Judge Peebles properly considered. (*Compare* Dkt. No. 71 ¶¶ 4-8, *with* Am. Compl. at 5;

8

Dkt. No. 66 ¶¶ 7-14.) The court therefore does not construe these as specific objections. *See Gusky v. Astrue*, No. 10-CV-00919, 2013 WL 3776257, at *3 (W.D.N.Y. July 2, 2013) ("[W]hen the objections simply reiterate previous arguments . . . the Court should review the report for clear error."); *Almonte*, 2006 WL 149049, at *4. The court, having carefully reviewed the record, finds no clear error in the R&R.

## B. Lewis' Motion to Substitute

On December 3, 2013, counsel for Sheridan filed and served a suggestion of death, stating that Sheridan died on November 8, 2013; the notice did not indicate whether a representative for Sheridan's estate had been appointed.[4] (Dkt. No. 72.) Further, to the court's knowledge, the suggestion of death appears to have only been served on Lewis, (Dkt. No. 72, Attach. 1), and not, as Rule 25 requires, also on Sheridan's legal representative or successor. *See Hamilton v. Fisher*, No. 9:10-CV-1066, 2012 WL 987374, at *16 (N.D.N.Y. Feb. 29, 2012) (noting that, in order for a suggestion of death to be properly filed, the "suggesting party must serve

---

[4] The court notes that an Eighth Amendment excessive force claim, brought pursuant to § 1983, generally survives after a defendant's death. *See Young v. Patrice*, 832 F. Supp. 721, 723-24 (S.D.N.Y. 1993).

9

other parties and non-party successors or representatives of the deceased with a suggestion of death in the same manner as required for service of the motion to substitute" (internal quotation marks and citations omitted)).

On January 13, 2014, Lewis filed a motion to substitute pursuant to Fed. R. Civ. P. 25(a)(1). (Dkt. No. 73.) In his motion, Lewis noted that he "wishes to substitute the beneficiary-heir to defendant Kevin Sheridan[']s Estate," but that he "does not have the information to go forth with suing the beneficiary heir to [Sheridan's] estate." (*Id.* at 1-2.) Thus, Lewis also failed to properly serve his motion on Sheridan's legal representative or successor pursuant to Fed. R. Civ. P. 4.[5] Sheridan's counsel opposed the motion, and argues only that Rule 25 does not require a party to identify the successor or legal representative; it only requires that a suggestion of death be served on the involved parties.[6] (Dkt. No. 74 at 1.)

Rule 25 provides, in pertinent part, that:

If a party dies and the claim is not extinguished, the court may

---

[5] *See Allah v. Juchnewioz*, No. 93 Civ. 8813, 2003 WL 22144352, at *2 (S.D.N.Y. Sept. 16, 2003) (noting that motion to substitute must be served on non parties pursuant to Fed. R. Civ. P. 4).

[6] The court notes that Rule 25 does not require that a statement of death "identify the successor or legal representative." *Unicorn Tales, Inc. v. Banerjee*, 138 F.3d 467, 470 (2d Cir. 1998).

10

> order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1). Under certain circumstances, this ninety-day-period can be extended. Indeed, where there is "an inability or a significant difficulty in identifying [the decedent's] legal representative or successor, a motion [can] be brought under Rule 6(b) to enlarge the time in which to file the motion for substitution." *Unicorn Tales, Inc. v. Banerjee*, 138 F.3d 467, 470 (2d Cir. 1998).

> Rule 6(b) provides that:
>
> When an act may or must be done within a specified time, the court may, for good cause, extend the time:
>
> (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
>
> (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

Fed. R. Civ. P. 6(b). Thus, if the time for making a motion under the applicable rule has not yet run, as is the case here, then a court may, with or without motion, grant an extension upon good cause. Fed. R. Civ. P. 6(b)(A). At least one court in this Circuit has, in light of a plaintiff's *pro se*

11

status, construed a motion to substitute pursuant to Rule 25 as a motion seeking an extension of time under Rule 6(b).  *See Go v. Rockefeller Univ.*, No. 04 Civ. 4008, 2013 WL 3816700, at *3-5 (S.D.N.Y. July 19, 2013).

Here, Lewis' Rule 25 motion was timely filed, and Fed. R. Civ. P. 6(b)(1)(A) therefore controls.  Thus, the court may extend Lewis' time to move for good cause.  *See id.* at *3-4; *Weingarten v. Optima Commc'ns Sys., Inc.*, 544 F. Supp. 2d 193, 195 n.1 (S.D.N.Y. 2008).  Lewis has demonstrated good cause justifying an extension of time; the suggestion of death did not identify, and does not appear to have been served on, Sheridan's successor or legal representative, and Lewis asserts that "only the New York State Department of Correctional and Community Services [has] this information, and due to security reasons, this information will not be disclosed to a[n] inmate plaintiff."  (Dkt. No. 73 at 1-2.)  Notably, however, on this record, counsel for Sheridan raised no concerns with providing Lewis this information based on security reasons.

In view of Lewis' *pro se* status, the court construes his timely Rule 25 motion as a motion seeking an extension of time under Rule 6(b).  Accordingly, within thirty (30) days of this Memorandum-Decision and

12

Order, counsel for Sheridan is directed to: (1) provide a reason or reasons for why he cannot or should not provide Lewis with the information regarding Sheridan's successor or legal representative; or (2) identify to Lewis the successor or legal representative, if any, of Sheridan's estate, *see Go*, 2013 WL 3816700, at *3-4 (directing deceased defendant's counsel to identify to the *pro se* plaintiff the representative, if any, of the deceased defendants' estate); *Allah*, 2003 WL 22144352, at *2 (directing the Attorney General to provide the *pro se* prisoner plaintiff with the address of the deceased defendant's legal representative "so that he may effect service on her."). All further proceedings with respect to Lewis' motion to substitute are referred to Judge Peebles.

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Magistrate Judge David E. Peebles' October 3, 2013 Report-Recommendation and Order (Dkt. No. 70) is **ADOPTED** in its entirety; and it is further

**ORDERED** that Sheridan's motion to dismiss (Dkt. No. 63) is **GRANTED**, and that only Lewis' Eighth Amendment excessive force claim against Sheridan remain in this action; and it is further

13

**ORDERED** that Lewis' motion to substitute (Dkt. No. 73) is construed as a motion for the enlargement of time to file a proper motion to substitute, which is **GRANTED**; and it is further

**ORDERED** that within thirty (30) days of this Memorandum-Decision and Order, counsel for Sheridan must: (1) provide a reason or reasons for why he cannot or should not provide Lewis with the information regarding Sheridan's successor or legal representative; or (2) identify to Lewis the successor or legal representative, if any, of Sheridan's estate; and it is further

**ORDERED** that all further proceedings with respect to Lewis' motion to substitute (Dkt. No. 73) are referred to Magistrate Judge David E. Peebles; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

March 19, 2014
Albany, New York

Gary L. Sharpe
Chief Judge
U.S. District Court