**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

**MARC LEWIS,**

                             **Plaintiff,**

                                                 9:12-cv-31
          v.                                                 (GLS/DEP)

**ESTATE OF KEVIN SHERIDAN**

                             **Defendant.**

---

**APPEARANCES:**                            **OF COUNSEL:**

**FOR THE PLAINTIFF:**

MARC LEWIS
*Pro Se*
784 Quincy Street
Brooklyn, New York 11221

**FOR THE DEFENDANTS:**

HON. ERIC SCHNEIDERMAN       GREGORY J. RODRIGUEZ ESQ.
Office of the Attorney General      Assistant Attorney General
   State of New York
The Capitol
Albany, New York 12224-0341

**Gary L. Sharpe
Chief Judge**

## DECISION AND ORDER

    The court cannot locate *pro se* petitioner, Marc Lewis. Accordingly,

it considers *sua sponte* Lewis' noncompliance with this District's Local Rules by failing to notify the court of his current address and by not prosecuting his action.

On January 9, 2012, Marc Lewis filed a 1983 civil rights action. *See Dkt. No.* 1. On April 10, 2012 an order was issued granting the plaintiff's *in forma pauperis* application. At that time, he was advised of his obligation to adhere to the Federal and Local Rules even though he was a *pro se* litigant. *See Dkt. No.* 8. However, the plaintiff has not complied with the portion of this order in regards to promptly notifying the Clerk's Office and counsel of any change in his address. This district has expended considerable effort in order to familiarize *pro se* litigants with those Rules by reminding them of their obligations in various documents and orders mailed to them, and by preparing a Pro Se Handbook that is easily accessible. See http://www.nynd.uscourts.gov. In fact, copies of the Handbook have been provided to all prison libraries in the Northern District.

In relevant part, Local Rule ("L.R.") 10.1(b) provides:

> **All ... pro se litigants must immediately notify the court of any change of address.** The notice of change of address is to be filed with the clerk of the court and served on all other parties to the action. The notice must identify each and every

action for which the notice shall apply.... (emphasis in original). In turn, L.R. 41.2(b) provides that the "[f]ailure to notify the Court of a change of address in accordance with L.R. 10.1(b) may result in the dismissal of any pending action."

In fact, while this litigation has been pending, Lewis has acknowledged this obligation on nine (9) separate occasions by filing notices of change of address. *See Dkt. Nos.* 4, 17, 33, 43, 50, 67, 78, 104 *and* 107.

L.R. 41.2(b) mirrors Rule 41(b) of the Federal Rules of Civil Procedure, which affords the court discretionary authority to dismiss an action because of the failure to prosecute or to comply with any order of the court. *see Link v. Wabash R.R. County Indep. Sch. Dist.*, 370 U.S. 626 (1962); *see also*, *Lyell Theater Corp. v. Loews Corp.*, 628 F. 2d 37 (2d Cir. 1982).

On February 9, 2015, Judge Peebles issued a Report and Recommendation that recommended the defendant's motion for summary judgment be granted and that the remaining claim in plaintiff's amended complaint be dismissed. *See Dkt. No.* 113. Lewis' copy was mailed to his last known address but was marked return to sender/unable to forward - vacant. *See Dkt. No.* 115.

On March 18, 2015, the Court issued an order directing Lewis to notify the court by March 25, 2015 of his current address and/or verify that his mailing address as listed in the caption of this order. *See Dkt. No. 116.* The court warned Lewis that his failure to comply with the order could result in dismissal for failure to comply with L.R. 10.1(b) and 41.2(b). A copy of the order was sent to the last known address of the plaintiff.

For the orderly disposition of cases, it is essential that litigants honor their continuing obligation to keep the court informed of address changes. *Michaud v. Williams*, 98cv1141, 1999 WL 33504430, at *1 (N.D.N.Y. Nov. 5, 1999) (citing *Fenza v. Conklin*, 177 F.R.D. 126 (N.D.N.Y. 1998) (Pooler, then D.J.). As Judge Pooler has observed:

> It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions. It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties of their counsel will be conducted principally by mail. In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries. Address changes normally would be reflected by those inquiries if made in writing.

*Dansby v. Albany County Corr. Staff,* 95cv1525, 1996 WL 172699, *1 (N.D.N.Y. Ap. 10, 1996) (citations omitted)).

As a matter of course, courts in this district have dismissed actions when litigants have failed to abide by either the Local Rules or orders related to address changes, and have subsequently failed to prosecute their actions. *See Williams v. Faulkner*, 95cv741, 1998 WL 278288 (N.D.N.Y. May 20, 1998); *Dansby*, 1996 WL 172699, at, *1; *Fenza*, 177 F.R.D. at 126; *cf. Michaud*, 1999 WL 33504430, at *1.

Lewis' failure to provide this court with a change of address warrants dismissal. Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action for failure to prosecute.

Additionally, the Report-Recommendation, to which Lewis has not objected, has been reviewed and it is hereby

**ORDERED** that the Report-Recommendation of Magistrate Judge David E. Peebles filed February 9, 2015 (Dkt. No. 113) is ACCEPTED in its entirety for the reasons state therein, and it is further

**ORDERED** that defendant's motion for summary judgment (Dkt. No. 96) is **GRANTED**, and that the remaining claim in plaintiff's amended complaint is **DISMISSED**, and, alternatively, the amended complaint is **DISMISSED** for Lewis' failure to notify the court of his current address, failure to prosecute, and failure to comply with the court's March 18, 2015

order, and it is further

**ORDERED** that the Clerk of the Court serve copies of this Order to the parties at the addresses listed in the caption in accordance with the local rules; and it is further

**ORDERED** that the Clerk serve plaintiff at his last known address.

**SO ORDERED.**

**Dated:** **March 30, 2015**
**Albany, New York**

*Gary L. Sharpe*
Chief Judge
U.S. District Court